**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FASSIL GEBREYES ABEBE,
Petitioner,

v.

No. 98-2152

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A-74-277-635)

Submitted: June 15, 1999

Decided: June 29, 1999

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Onyebuchi N. Enechionyia, Arlington, Virginia, for Petitioner. David
W. Ogden, Acting Assistant Attorney General, Civil Division, David
M. McConnell, Assistant Director, H. Bradford Glassman, Office of
Immigration Litigation, UNITED STATES JUSTICE DEPART-
MENT, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abebe seeks a review of the decision of the Board of Immigration Appeals (Board) denying relief on his application for asylum and withholding of deportation. Because we find the Board's decision is supported by substantial evidence, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West 1999). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West 1999); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The immigration court and the Board found Abebe's testimony regarding his past persecution and fear of future persecution was not credible and denied asylum on that basis. We review the credibility findings of the immigration court and the Board for substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. See Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir. 1987). A reviewing court gives credibility determinations substantial deference provided they are supported by "specific, cogent reason[s]" for the disbelief. Figeroa, 886 F.2d at 78 (quoting Turcios, 821 F.2d at 1399).

We find that the Board noted sufficient specific and cogent reasons to uphold the credibility finding of the immigration court. That determination is entitled to substantial deference. As a result, we find that the Board's conclusion that Abebe failed to present reliable evidence sufficient to establish eligibility for asylum is supported by substantial evidence.

2

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Because Abebe failed to show entitlement to asylum, he cannot meet the higher standards for withholding deportation.

Finding no error in the Board's's decision, we affirm. We do not review claims on appeal that were not raised before the Board. See Tarvand v. INS, 937 F.2d 973, 977 (4th Cir. 1991) (stating that failure to exhaust administrative remedies precludes appellate review).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3